**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>V.<br><br>MARY L. REED,<br>　　　Defendant. | NO.  3:09-CV-210<br>(Phillips) |

## MEMORANDUM OPINION

The Small Business Administration (SBA), an agency of the United States Government, seeks to recover judgment on a promissory note executed by defendant Mary Reed.  The United States has moved for judgment on the pleadings, or alternatively, for summary judgment on the grounds that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  Reed has responded in opposition to the United State's motion.  For the reasons which follow the motion of the United States will be granted.

## Background

The facts, which are not in dispute in this case, are as follows:   The United States is the current owner and holder of the Note and the Loan Agreement at issue in this case. On May 31, 2006, Reed executed a Note and a Loan Agreement to secure a Small

Business Administration (SBA) insured loan in the amount of $25,000. The Note and Loan Agreement secured a loan from Business Loan Center (BLC) in Panama City Beach, Florida. This loan was insured by SBA under loan guaranty programs authorized under Section 636 of the Small Business Act, 15 U.S.C. § 636. Reed defaulted on the Note and Loan Agreement in May 2007, and SBA paid a claim on the Note in the amount of $19,603.99. As of September 29, 2009, the amount remaining due on the loan totals $30,401.35, comprised of the principal amount of $19,603.99 plus interest totaling $3,434.53, and administrative charges in the amount of $7,362.83. SBA made attempts to collect the debt and, on April 19, 2008, transferred collection of the delinquent loan to the Treasury Department. On April 21, 2008, the United States Department of Treasury Financial Management Service sent a demand letter to defendant. On December 31, 2008, Treasury sent a second demand letter to Reed.

Defendant, acting *pro se*, admits that she took out the loan in May of 2006, which was guaranteed by the SBA. Unfortunately, her business failed and she was forced to default on the loan. In February of 2008, she received a 1099-C Form (Cancellation of Debt) from BLC for the amount of $24,661. This was for the full amount of the balance owed on the loan. Reed states she filed an amendment to her 2007 federal taxes and paid the taxes on this amount as income. Reed asserts that it is her understanding that once a company issues a 1099-C Form, the debt is cancelled and collection efforts are no longer allowed. Since BLC issued the 1099-C, BLC should not have been able to take reimbursement from SBA, and Reed argues that SBA should recoup their money from BLC.

## Analysis

The United States has moved for judgment as a matter of law stating that Reed admits she executed a Note and Loan Agreement to secure a loan authorized under the SBA. Because the pleadings establish the validity of the debt owed by Reed to plaintiff, as a matter of law, judgment should be entered in favor of plaintiff.

Defendant responds in opposition, stating that she received a 1099-C from the private lender, Business Loan Center. Defendant asserts that "once a 1099-C is issued and taxes paid, no further collection action can be taken." Therefore, the United States' motion for summary judgment should be denied.

Since the parties have submitted matters outside the pleadings in support of their positions, the court will consider the parties' arguments under Rule 56(c), which provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations.

The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

The United States has presented uncontroverted evidence that Reed executed a Note and Loan Agreement on May 31, 2006 for $25,000 to BLC. It is also not in dispute that the SBA is the present owner and holder of said Note. Additionally, Reed admits that she defaulted on payments due under the Note and that the Note matured with a balance due and owing. Finally, the evidence shows that the United States made a written demand for payment on the Note on April 21, 2008 and December 31, 2008. Thus, the United States has demonstrated the elements necessary for relief.

Reed argues that the United States is barred from collecting on the loan because her debt has already been discharged. In support of this argument, Reed relies on the 1099-C received from BLC.

However, a Form 1099-C, as a matter of law, does not operate to legally discharge a debtor from liability on the claim that is described in the form. *See In re Zilka*, 407 B.R. 684, 689 (issuance of IRS forms did not itself operate to legally discharge debtor form further liability on loans); *Owens v. Commissioner,* 2003 WL 21196200 (5th Cir. 2003)

(issuance and filing of Form 1099-C does not constitute actual cancellation of the loan); *Leonard v. Old National Bank Corp.,* 837 N.E.2d 543, 545 (Ind.Ct.App. 2005) (filing a Form 1099-C is merely an informational filing with the IRS done to report an event that has already happened, and thus does not operate to cancel debt itself); *Sims v. C.I.R.,* 2002 WL 1825373 (Form 1099-C does not establish that petitioner's debt was ever discharged, which necessarily means that such form did not operate to cancel such debt).

Here, BLC had no authority to forgive the portion of the debt incurred by SBA. SBA guaranteed 85% of the $25,000 loan. Therefore, the most BLC could forgive was the 15% that SBA did not reimburse to BLC when BLC submitted the debt to SBA under the guarantee. As between Reed and the United States, the note is enforceable. There is no evidence, such as surrender or cancellation of the note or a signed writing by the SBA, indicating an intention to discharge the entire debt. Accordingly, I find that the United States is entitled to judgment as a matter of law.

## **Conclusion**

Mary Reed admits executing the $25,000 promissory note upon which the United States premises its claim. The fact the loan is in default is uncontested. For the reasons stated above, the court finds that the United States is entitled to judgment as a matter of law in this case. Accordingly, the United States' motion for summary judgment [Doc. 7] will be granted. The United States will be awarded judgment against Reed in the principal amount of $19,603.99 plus interest, which has accrued through September 29,

2008, in the amount of $3,434.53 and which continues to accrue, and administrative charges in the amount of $7,362.83, plus costs.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge